IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGER GLENN WASHINGTON, TDCJ-CID NO. 725626,  Petitioner, v. RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division,  Respondent. | CIVIL ACTION NO. H-10-4046 |

### MEMORANDUM OPINION AND ORDER

Roger Glenn Washington, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction for the second time. The court will dismiss the petition because it is successive and time-barred. 28 U.S.C. §§ 2244(b) and (d).

### I. Washington's Litigation History

Washington is challenging a 1995 state felony judgment against him for burglary of a habitation, which includes a deadly weapon finding. State v. Washington, No. 684737 (339th Dist. Ct., Harris County, Tex., Aug. 11, 1995). He argues that his conviction should be set aside because the indictment only alleged that a knife was used in the crime without indicating that it's use or

intended use was deadly. This is the second time he has filed a habeas petition challenging the same state court felony judgment. See Washington v. Thaler, No. H-03-5322 (S.D. Tex. Dec. 2, 2003) (dismissed as time-barred under 28 U.S.C. § 2244(d)).

## II. Analysis

Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), advance permission from the Court of Appeals for the Fifth Circuit is a prerequisite to filing a successive habeas petition in this court. 28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003). The primary purpose of this requirement is to eliminate repetitious judicial consideration of convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Washington's prior habeas petition was dismissed, and the United States Court of Appeals denied his request for a Certificate of Appealability. See Washington v. Dretke, No. 04-20018 (5th Cir. Apr. 19, 2004). There is no indication that the Fifth Circuit has granted Washington permission to file another habeas petition challenging his 1995 burglary conviction. Consequently, this court must dismiss the successive petition for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In an apparent attempt to circumvent the bar against successive habeas petitions, Washington has designated his pleading

as a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The Fifth Circuit has held that such motions "should be construed as successive habeas petitions governed by the AEDPA's provisions.' Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999). See also Hess v. Cockrell, 281 F.3d 212, 214-15 (5th Cir. 2002). Consequently, it is subject to the standards of 28 U.S.C. § 2244 and should be dismissed. Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002).

In addition to being barred as successive, this action would be barred as untimely under AEDPA because Washington is challenging a fifteen-year-old conviction. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of 2254 petition after conviction becomes final). Washington was convicted on August 11, 1995, and he filed no direct appeal. Consequently, his conviction became final on September 10, 1995, the last day he could have filed a timely notice of appeal. See TEX. R. APP. P. 41(b)(1) (West 1995) (thirty days to perfect appeal); Ries v. Quarterman, 522 F.3d 517, 522 n.1 (5th Cir. 2008) ("A state conviction becomes final when the time for direct review has expired, regardless of when the state court issues its mandate."), citing Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir. 2006); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Washington is entitled to a one-year grace period because his conviction became final before the AEDPA was enacted. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998);

Flanagan v. Johnson, 154 F.3d 196, 200 n.2 (5th Cir. 1998). Therefore, he had until April 27, 1997, to file his petition. Id. AEDPA's tolling provisions apply to habeas petitions that are entitled to the special grace period. Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000). However, Washington did not file a state application for a writ of habeas corpus until 2002, well after the expiration of the grace period. Ex parte Washington, No. WR-52,275-02 (Tex. Crim. App.). See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us. Washington has been previously advised of the untimeliness of his challenge, and he has made no showing that this finding is incorrect. See Washington, No. H-03-5322.

### III. Denial of Certificate of Appealability ("COA")

Before Washington can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA Washington must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A COA shall be denied because this action is clearly barred, and Washington has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## IV. Conclusion and Order

The court **ORDERS** the following:

1.  The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2.  The petition for a writ of habeas corpus by a person in state custody (petitioner's Fed. Rules Civ. Proc. Rule 60(b)(4) Motion) (Docket Entry No. 1) is **DISMISSED with prejudice**.

3.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 19th day of November, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE